IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID MONCEBAIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-548 |
| | § | |
| JOHN WARREN OWENS, II, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO REMAND

This case arises out of alleged misconduct on the part of two Galveston police officers. Plaintiff's Original Petition alleges claims under the Texas Tort Claims Act and was filed in state court against the City of Galveston, Officer John Warren Owens, II, and Officer Robert McCurley. The case was removed to this Court when Plaintiff, in a state court filing, stated that he was asserting claims pursuant to 42 U.S.C. § 1983. Now before the Court are Plaintiff's Motion to Dismiss Defendants Owens and McCurley and Plaintiff's Motion to Remand. For the reasons stated below, Plaintiff's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion to Remand is **GRANTED**.[1]

**I. Procedural Background**

The facts made the basis of this lawsuit, which allegedly occurred during his arrest on December 27, 2002, have been before this and other courts on several occasions. Plaintiff first brought suit in state court on February 4, 2004 against the City of Galveston, and Officers Owens

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

and McCurley (the "Officers"). Though Plaintiff initially stated only state law claims, he later amended his Petition to assert claims under 42 U.S.C. § 1983. The state court dismissed the state law claims against the individual officers with prejudice. Defendants removed the remainder of the case to this Court, and the whole case was dismissed for want of prosecution on September 5, 2004.

On September 22, 2004, Plaintiff filed a second suit relating to Plaintiff's December 27, 2002 arrest against the City of Galveston and the Officers in this Court. On March 7, 2005, this Court dismissed Plaintiff's state law claims against the Officers with prejudice and dismissed the § 1983 claims against the City without prejudice. On July 22, 2005, the Court dismissed the § 1983 claims against the Officers with prejudice.

On November 22, 2005, Plaintiff filed the current lawsuit against the City and the Officers in state court initially alleging only claims pursuant to the Texas Tort Claims Act. Later, Plaintiff asserted § 1983 claims, and Defendants promptly removed the case. Plaintiff now seeks remand of this case stating that he no longer wishes to pursue § 1983 claims. Additionally, Plaintiff filed a Motion to Dismiss the claims against the Officers without prejudice. Defendants opposed Plaintiff's Motion on the grounds that the claims should be dismissed with prejudice.

**II. Analysis**

*A. Claims Pursuant to 42 U.S.C. § 1983 Against the Individual Officers*

Plaintiff has moved to dismiss the § 1983 claims against the Officers without prejudice. The Officers agree that the claims should be dismissed, but argue that they should be dismissed with prejudice. This Court has already dismissed Plaintiff's § 1983 claims arising out of this incident **with prejudice**. *Moncebaiz v. Owens, et al.,* G-04-cv-557 (S.D. Tex. July 22, 2005). Accordingly, they cannot be asserted by Plaintiff in this action. To the extent Plaintiff makes claims pursuant to § 1983 against the Officers, those claims are **DISMISSED WITH PREJUDICE**.

### B. Claims Pursuant to 42 U.S.C. § 1983 Against the City

Plaintiff has not moved for dismissal of the § 1983 claims against the City, but in his Motion to Remand he states that he "has no desire to pursue his claims under 42 U.S.C. § 1983 unless further evidence should be discovered that would support such cause of action." (P. Mot. to Remand at 2.) Plaintiff has already asserted these claims and dismissed them several times. Defending these claims once again would be an undue burden on the City. Additionally, Plaintiff has already had several years to develop any evidence that might support a § 1983 claim, and has yet to move forward in the prosecution thereof. Accordingly, the Court finds that the § 1983 claims asserted against the City should likewise be **DISMISSED WITH PREJUDICE**.

### C. Remand

Having dismissed Plaintiff's § 1983 claims, the Court finds that it does not have jurisdiction over this matter since Plaintiff's remaining claims are pursuant to the Texas Tort Claims Act. The Texas Tort Claims Act is a creature of state law, and no diversity jurisdiction has been alleged in this matter. Accordingly, Plaintiff's remaining claims are **REMANDED** to the 122nd Judicial District of Galveston County. It is left for that court to decide whether Plaintiff's remaining claims against the Officers should be dismissed with or without prejudice.

## III. Conclusion

As laid out above, Plaintiff's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiff's § 1983 claims against all Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Remand is **GRANTED**, and the remainder of this case is **REMANDED** to the 122nd Judicial District of Galveston County. All pending matters are left to the discretion of the state court judge. Each party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 31st day of October, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge